## Roark v. Read.

(Decided May 3, 1912.)

### Appeal from Larue Circuit Court.

Land—Trespass to—Action for—Title—Adverse Possession.—In an action to recover damages for trespass to land, which involved the title to and possession of the land and neither party had actual possession, proof by the plaintiff that it was in the actual, adverse possession of his vendor to a well defined marked boundary continuously for fifteen years before his purchase of it, entitled him to recover for the trespass, although such purchase was of comparatively recent date.

HUDGINS & CREEL for appellant.

WILLIAMS & HANDLEY for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was brought by the appellee, in the court below, to recover of the appellant damages resulting to him from a series of trespasses, alleged to have been committed on the part of appellant by cutting timber upon a fifteen acre tract of land of which appellee claims to be the owner.

Appellant's answer does not deny that he cut timber upon the land in question, but denies that such cutting was unlawful or forcible. It also denies appellee's title to or possession of the land; but fails to allege title in appellant or that he has possession of the land.

By agreement of the parties, a jury was waived, and the case submitted upon the law and facts to the court, whose judgment declared appellee the owner of the land and awarded him $55.00 damages, for the trespasses complained of. Appellant's dissatisfaction with the judgment and the refusal of the Circuit Court to grant him a new trial, resulted in this appeal.

Appellee was unable to show a paper title to the land, but his claim of ownership was based upon his purchase of it about 1900, at its sale under execution; and the adverse possession of himself and vendor. Notwithstanding the failure of appellant's answer to allege title in him to the land, he attempted to prove his title thereto by the introduction of a deed made him by one Davis in 1893, the boundary of which, he claimed, embraced it; but no actual possession was shown by him. Much of

the evidence introduced by him tended to prove that the land was covered by his deed, but that of appellee as strongly conduced to prove that it was not within the boundary of appellant's deed.

Appellee's evidence also conduced to prove that prior to his purchase of the land at the execution sale, it was a part of a somewhat larger tract of land owned and in the possession of Mary Jane Skaggs; the whole being included in a well defined marked boundary to which she claimed title and possession; and that the fifteen acre tract in controversy was sold from this tract under the execution as the property of Mrs. Skaggs and purchased by him. It adjoins another tract of land upon which appellee then lived and now resides. Although appellee has never lived upon or enclosed, in any way, the land in controversy since his purchase of it, the evidence shows, without contradiction, that he has all the while claimed it to its well defined marked boundary, and exercised acts of ownership over it by pasturing his stock upon it and cutting timber therefrom.

As such possession was not actual and has not continued for the statutory period of fifteen years, it is not sufficient of itself to sustain his right to the land. The evidence introduced in his behalf, however, conduced to prove that his vendor, Mary Jane Skaggs' possession of the land was actual and adverse to all others; and that it continued, without interruption, for more than fifteen years before appellee's purchase of the land; indeed, one witness testified that her possession of the land continued for a period of thirty years.

While Mrs. Skaggs did not live upon the parcel of land in controversy, she did, during the whole of the time referred to, reside upon the tract of which it was then a part, and, as the boundary embracing the whole included the fifteen acres in controversy and was well marked and defined if her possession was claimed to this boundary and was actual, adverse, and continued for more than fifteen years, as appellee's evidence tended to show, it included the parcel in controversy, and such possession inured to appellee's benefit and perfects his possession and right thereto as her vendee, although his possession of the land has not been actual since his purchase of it, or continued for as much as fifteen years.

It is true evidence introduced in appellant's behalf, contradicted that of appellee as to the character and length of Mrs. Skaggs' possession of the land, but as all

the evidence seems to have been duly considered by the judge of the circuit court and the witnesses testifying were all seen and heard by him, and we are unable to say that his findings of fact in favor of appellee are not sustained by the evidence, the judgment is affirmed.